IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2004

## STATE OF TENNESSEE v. BILL L. WILLIAMS

**Direct Appeal from the Criminal Court for Shelby County**
**No. 01-07314     Bernie Weinman, Judge**

**No. W2003-00785-CCA-R3-CD  - Filed March 18, 2004**

Following a jury trial, Defendant, Bill L. Williams, was convicted of theft of property over $10,000 in value, a Class C felony.  He was sentenced as a Range II multiple offender to serve six years in the Shelby County Workhouse.  In his sole issue on appeal, Defendant challenges the sufficiency of the evidence to sustain his conviction.  After a thorough review of the record and the briefs of the parties, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID G. HAYES and JERRY L. SMITH, JJ., joined.

Bill L. Williams, *pro se*, Memphis, Tennessee; and Karen Massey, Assistant Public Defender (elbow counsel), Memphis, Tennessee (at trial); and Robert Wilson Jones, Shelby County Public Defender; and Tony N. Brayton, Assistant Public Defender, Memphis, Tennessee (on appeal), for the appellant, Bill L. Williams.

Paul G. Summers, Attorney General and Reporter; Thomas E. Williams, III, Assistant Attorney General; William L. Gibbons, District Attorney General; and Emily Campbell, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The elements of theft of property, as pertinent to Defendant's conviction, are defined in Tennessee Code Annotated section 39-14-103 as follows: "A person commits theft of property if, with intent to deprive the owner of property, the person knowingly obtains . . . the property without the owner's effective consent."  If the value of the property obtained is more than $10,000, but less than $60,000, the offense is classified as a Class C felony.  Tenn. Code Ann. § 39-14-105(4).  The indictment charged that Defendant had committed theft of a motor vehicle, a trailer, and equipment valued over $10,000, but less than $60,000, and was property belonging to Timothy Jefferson.  The

proof at trial was that Mr. Jefferson's 1997 Ford F-150 pickup truck, tools, a trailer, and a Bobcat skid loader were unlawfully taken from him.

Since Defendant has challenged the sufficiency of the evidence to sustain his conviction, certain well-established guidelines pertain to our review of the case. When an accused challenges the sufficiency of the evidence, this Court must review the record to determine if the evidence adduced during the trial was sufficient "to support the findings by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. *State v. Brewer*, 932 S.W.2d 1,18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this Court does not reweigh or reevaluate the evidence. *State v. Cabbage*, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this Court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. *Liakas v. State*, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (Tenn. 1956). To the contrary, this Court is required to afford the State the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. *State v. Tuttle*, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

The trier of fact, not this Court, resolves questions concerning the credibility of the witnesses, the weight and value to be given the evidence as well as all factual issues raised by the evidence. *Id.* In *State v. Grace*, the Tennessee Supreme Court stated, "[a] guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." 493 S.W.2d 474, 476 (Tenn. 1973).

Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this Court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982); *Grace*, 493 S.W.2d at 476.

We will review the facts developed at trial, taken in the light most favorable to the State, as we are required to do. The victim, Timothy Jefferson, was self-employed as a landscaper and tree-trimmer. Between 9:30 p.m. and 10:00 p.m. on May 27, 2000, Mr. Jefferson drove to a barbershop on Frazier Boulevard in Memphis to get a haircut. One of his employees, Don Hawkins, and Mr. Hawkins' wife were inside his 1997 Ford F-150 pickup truck with him. Attached to the truck was a trailer containing a Bobcat skid loader.

Mr. Jefferson testified that his truck was worth approximately $18,000, the trailer was worth approximately $800, he had tools inside of the truck that were worth approximately $3,200, and the Bobcat skid loader had a value of approximately $21,000.

When Mr. Jefferson got out of his truck, he asked his employee to park the truck for him. Mr. Jefferson identified Defendant as a man he saw outside the barbershop when he arrived. Mr.

2

Jefferson went inside the barbershop, and a few moments later, he discovered that his pickup truck, along with the trailer and Bobcat skid loader, had been driven away. When he went back outside the barbershop after discovering that the property was missing, he did not see Defendant outside of the barbershop.

Three days later, on May 31, 2000, Officer J.B. Less, a patrolman with the Shelby County Sheriff's Department, received a radio dispatch that a stolen 1997 Ford F-150 pickup truck was being pursued through Tipton and Fayette Counties, and was possibly on its way toward Shelby County. Officer Less drove on Highway 70 in Shelby County and saw the stolen truck, which had been pursued by officers from Galloway, Tennessee. Officer Less stopped the vehicle, which was the pickup truck belonging to Mr. Jefferson, and it was being driven by Defendant. The trailer and Bobcat skid loader were not attached to the truck, and there is no mention in the record that these items, or the tools, were recovered.

Defendant told another officer at the scene that he got the pickup truck from someone for $20, and that he did not stop when being pursued by the police in Galloway, Tennessee, because he did not "want to go to jail in Galloway."

Defendant called two witnesses in his case in chief. Thomas Wayne Caldwell, a police officer, took the initial report of the theft on May 27, 2000. Officer Caldwell testified that he spoke with Mr. Jefferson at the scene and was told by him that he pulled up to get a haircut, left his vehicle with the engine running, and a man came out of the barbershop. Mr. Jefferson thought the man who came out of the barbershop worked for the barbershop and was going to park the truck for him. Officer Caldwell stated that Mr. Jefferson told him that the man got into the truck and left the scene. Defendant also called Adrian Moore, the owner of the barbershop, as a witness. Mr. Moore did not see the person who drove away in the truck. However, he stated that Defendant did not work at the barbershop. Mr. Moore also testified that he saw Defendant at the barbershop on the evening of the theft, but when the police arrived after the theft was reported, Defendant was no longer at the scene.

The victim, Mr. Jefferson, also testified that Defendant did not have authority or permission to take or otherwise be in possession of the vehicle, the trailer, or the Bobcat skid loader.

Taken in the light most favorable to the State, the proof showed that Defendant was in the immediate vicinity of the stolen property at the time of the theft. Defendant was then nowhere to be found at the scene. Three days later, he was driving the stolen pickup truck and failed to pull over when being pursued by police officers in Fayette and Tipton Counties. When he finally pulled over after being pursued by a Shelby County Sheriff's Deputy, he informed an officer that he had "got the truck for $20.00." Both the victim and the owner of the barbershop placed Defendant at the scene immediately prior to the theft of the property, and testified as to Defendant's absence from the scene immediately after the theft. There is overwhelming proof that the value of the property taken was more than $10,000, and that Defendant did not have the victim's consent to be in possession of the property. In his brief, Defendant argues, as an alternative to reversal of the conviction and dismissal of the charges, that this Court reduce the conviction to one of "unauthorized use of an automobile

3

or other vehicle," a Class A misdemeanor, in violation of Tennessee Code Annotated section 39-14-106. However, Defendant does not cite any authority or reference the record in support of this argument. The circumstantial evidence, supported by Defendant's rather bizarre explanation for being in possession of the vehicle three days after its theft, was that Defendant unlawfully exercised control over the pickup truck, tools, trailer, and Bobcat skid loader.

Defendant is not entitled to relief in this appeal.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

_____
THOMAS T. WOODALL, JUDGE

4